[File No. 6784]

HELEN G. MUTSCHLER, Respondent, v. WORKMEN'S COM-
PENSATION BUREAU OF THE STATE OF NORTH
DAKOTA and Commissioners P. B. Sullivan, R. H. Walker,
and Adolph Michelson, Appellants.

(300 NW 24)

Opinion filed September 25, 1941

*Alvin C. Strutz,* Attorney General, *A. M. Kuhfeld* and *Lynn G.
Grimson,* Assistant Attorneys General, for appellants.

*Victor L. Thom* and *George Thom, Jr.,* for respondent.

BURR, Ch. J.   The Bureau appeals from the action of the district court finding plaintiff entitled to share in the compensation fund.

The controversy resolves itself into an issue of fact.   The plaintiff

is the widow of one Adolph Mutschler, who was accidentally killed October 20, 1938. The evidence is clear that at the time of his death, Mutschler was in the employ of the North Dakota Fire & Tornado Fund division of the North Dakota Insurance Department, as a building inspector, for an indefinite period, with a fixed monthly salary, an expense account for room and board while away from his home town, and a specified mileage to reimburse him for the use of his own automobile for transportation purposes. His home and headquarters were in Goodrich. The territory assigned to him was Sheridan county, but it was left for him to determine for himself what buildings he would inspect, and how and when. The record shows he was vested with wide discretionary powers in respect to his employment and his method of procedure. The only real issue of fact in the case is whether he was in the course of his employment at the time of his death.

It is well established that on October 20, 1938, deceased was traveling in his own automobile with one John Bauer. It is the contention of the defendants that Bauer was engaged in an attempt to advance himself politically, and, therefore, the real reason the deceased was with him was to assist Bauer in furthering his ambition, under the pretense of inspecting schoolhouses, and it is suggested the employment was largely a subterfuge. We find no proof that the employment was sham.

We are not concerned with what was Bauer's purpose on this trip. There is no proof he announced his candidacy for any office, and his name did not appear on any election ballot. The evidence shows that on this trip the deceased did engage in the discharge of his duties within the course of his employment. Whether diligent or dilatory in this work is of no importance, except as it may have a bearing upon the question of pretense or sham. He took no active part in any of the somewhat vague and indefinite actions which are said to constitute political activity on the part of Bauer. Bauer was with him, but whether for companionship, or on a hunting trip, or because he was contemplating political action that fall is immaterial so far as the deceased was concerned.

The trial court found the deceased was doing what he was employed to do, and while so working, was killed by accident. After giving due weight to the findings of that court, we conclude the decision of the

trial court finding the plaintiff entitled to share in the compensation fund is correct. The judgment, therefore, is affirmed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.